UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| SHANNON BAZEMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV423-372 |
| ) | |
| INTERNATIONAL ) | |
| LONGSHOREMEN'S ) | |
| ASSOCIATION, ILA LOCAL 1475, ) | |
| ) | |
| Defendant. ) | |

## ORDER

*Pro se* plaintiff Shannon Bazemore filed this employment discrimination action against the International Longshoremen's Association, ILA Local 1475 (the Union) on December 28, 2023. *See generally* doc. 1. She paid the Court's filing fee. The next day, Plaintiff filed a return of service indicating that an otherwise unidentified attorney was not able to be served. *See* doc. 5 at 2. On the same day, Bazemore filed a request for waiver, pursuant to Federal Rule 4(d). *See* doc. 6. However, the waiver request leaves the deadline for response blank, *see id.* at 1, and Bazemore has completed and signed the waiver, *id.* at 2. There is no indication that the waiver has been sent to the

attorney listed.  *See generally id*.  No proof of service has been filed, *see* Fed. R. Civ. P. 4(l), and no defendant has appeared, *see generally* docket.

Notwithstanding the ambiguous state of Plaintiff's efforts to serve the Union, she has filed a Motion seeking to "join parties."  *See* doc. 7.  She seeks to join "the executives who have all decision making authority and to whom, but not limited to, governing, representing, regulating, overseeing and issuing mandates and directives towards the actions/inactions of all Unions operating under the banner of the International Longshoremen's Association," *id*. at 1, the "South Atlantic Gulf Coast District," apparently a subdivision of the Union, and the Georgia Stevedore Association, which she contends "have a direct bearing on the factual allegations lodged within Plaintiff's Complaint, and to whom actions (signatures) rest in part upon Plaintiff launching a civil action . . . ," *id*. at 2.  She has attached a document of unspecified relevance.  *See generally* doc. 7-1.

Bazemore's Motion invokes Rule 19 of the Federal Rules of Civil Procedure.  *See* doc. 7 at 1.  That Rule governs the joinder of parties (1) in whose absence, "the court cannot accord complete relief among the existing parties," or (2) who "claims an interest relating to the subject of

2

the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1). As the movant, Plaintiff has the burden to show that the proposed additional parties fall into one of the Rule's categories. *See, e.g., Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009) ("[T]he party advocating joinder has the initial burden of demonstrating that a missing party is necessary . . . ."). Bazemore's suggestion that the proposed additional parties "have a direct bearing on the factual allegations," in her Complaint does not even allege that any of them is necessary, within the meaning of Rule 19. Since she has not borne her burden, to the extent that she invokes Rule 19, her Motion is **DENIED**. Doc. 7; *see also, e.g., Combe v. Flocar Inv. Grp. Corp.*, 977 F. Supp. 2d 1301, 1305 (S.D. Fla. 2013) (Rule 19 movant "have not explained why the court cannot accord complete relief among the parties[,] . . . [n]or do [movants] suggest that theses absent parties claim a legitimate interest

in the . . . subject of this action. The basis for the Motion is therefore rejected.").

However, because Bazemore is proceeding *pro se*, the Court must liberally construe her pleadings. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Given that obligation, the Court may "recharacterize a *pro se* litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis." *Rameses v. U.S. Dist. Court*, 523 F. App'x 691, 694 (11th Cir. 2013). Although Bazemore invokes Rule 19, there is a vague indication that she actually seeks to amend her Complaint to add parties to the suit. *Compare* doc. 7 at 3 ("Plaintiff submits that leave should be freely granted to join the aforesaid parties . . . ."), 4 (requesting joinder "as the ends of justice would so require."), *with* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend a pleading] when justice so requires."). However, if the Court construed her Motion as a request to amend her pleading, leave would not be required. "A party may amend its pleading once as a matter of course," within twenty-one days of service or after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Since, as discussed above, there is no indication that any defendant has been served and no

responsive pleading has been filed, Bazemore appears free to amend her pleading without the Court's leave. Any reconstruction of her Motion as seeking leave to amend under Rule 15 would, therefore, be moot.

To the extent that she seeks to assert some claim for relief against the parties identified in her Motion, she is free to file an Amended Complaint asserting any such claim against them. Bazemore is advised that, generally, an amended pleading supersedes the original; that is, the amended pleading replaces the original pleading entirely. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). The Court is not empowered to assemble a pleading, even for a *pro se* party. *See, e.g., Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (the court "cannot . . . rewrite an otherwise deficient pleading to sustain an action." (citation omitted)). To the extent that Bazemore wishes to amend her Complaint, therefore, the amendment must state all of her claims against any defendant.

**SO ORDERED,** this 18th day of January, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA