IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| SHANNON BAZEMORE, )<br>)<br>   PLAINTIFF, )<br>v. )<br>)<br>INTERNATIONAL LONGSHOREMEN'S )<br>ASSOCIATION, ILA LOCAL 1475, )<br>)<br>   DEFENDANT. )<br>_____ )<br>) | Case No. 4:23-cv-00372-RSB-CLR |

### LOCAL 1475's *RESPONSE BRIEF*

COMES NOW DEFENDANT, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1475 (hereinafter "Local 1475") and hereby submits this *Response Brief* to the issues raised by Plaintiff in *Plaintiff's Motion for Reconsideration* (Doc. 26).

Plaintiff styled her *Motion* under both Rule 59(e) and Rule 60(b). Courts generally analyze and construe these types of motions the same way depending upon when the motion is filed in relation to the entry of judgment. *Price v. Philpot*, 420 F.3d 1158 (10th Cir. 2005).

Here, Plaintiff argues in relation to both Rule 59(e) and Rule 60(b) that there was an intervening change in law that warrants the granting of her *Motion*; and pursuant to Rule 59(e) that reconsideration is necessary to correct a clear error of law or to prevent manifest injustice.[1] For the reasons below, Plaintiff's *Motion* should be denied because Plaintiff has not set forth facts or law that would warrant the Court to reverse its well-reasoned *August 22, 2024 Order*. (Doc. 24).

---

[1] Doc. 26, P. 8-9 citing *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997): "The motion for reconsideration is not an opportunity for a party to improve upon his arguments or try out new arguments; nor is it properly a forum for a party to vent his dissatisfaction with the Court's reasoning. The Court assumes that in nearly every case at least one party will deem a decision to be based on flawed reasoning. However, for a court to reconsider a judgment 'there must be a reason why the court should reconsider its prior decision, and [the moving party] must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" (Citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D.Fla. 1994)).

I. **Judicial Notice (Doc. 14)**

In the *August 22, 2024 Order*, the Court rightfully found that the *Request for Judicial Notice* was unopposed and granted the *Request* (Doc. 24, P. 2). Plaintiff does not take issue with this finding in her *Motion* and again argues that the documents support her position. (Doc. 26, P. 9). Therefore, the part of the Court's *Order* related to this issue will not be further discussed herein.

II. **Failure to Exhaust Administrative Remedies.**

Plaintiff cites no law in support of her *Motion* that indicates an intervening change in law has occurred related to the legal issue of administrative exhaustion. Instead, Plaintiff argues that reconsideration is necessary to correct a clear error of law or to prevent manifest injustice.

Plaintiff's arguments in her *Motion* do not differ from the arguments made in the prior briefings (Doc. 15 and Doc. 20). Plaintiff's main complaints continue to be that: (1) she was not awarded AA class seniority; and (2) that the *2021 MOU* awarded BB – GG class seniority to workers ahead of her. All of these classifications were created by the *MOU* on October 1, 2021.

The Court rightfully found that dismissal was appropriate under Rule 12(b)(6) because Plaintiff failed to exhaust her administrative remedies. Plaintiff agrees that the *2021 MOU* took effect on October 1, 2021, which awarded her Extra List 5 and denied her AA class seniority.[2] The Court found that the undisputed facts from the *Complaint* (Doc. 1) and the judicially noticed documents (Doc. 14-1 to Doc. 14-4) show that Plaintiff's seniority classification determination was made on October 1, 2021. Plaintiff did not submit her *Charge* until September 1, 2022, according to her *Complaint*, and the earliest by August 13, 2022 as she argues in her *Motion*.

Plaintiff attempts to prove the date of her *Charge* by adding into the record a *Position Statement* drafted by Local 1475's counsel. Local 1475 objects to the introduction of the *Position*

---

[2] Doc. 15, *Response*, P. 9.

*Statement*. It appears that the only issue that Plaintiff seeks to establish through the introduction of Exhibit A to the *Motion* is the date of Plaintiff's *Charge*, which can be established by referencing the *Charge* itself (Doc. 14-4), which was already judicially noticed and addressed by the Court.

Regardless, whichever date is used: September 1, 2022 in the *Complaint* as the Court found; or August 13, 2022 as Plaintiff now submits – the outcome is the same. Neither date saves her from the administrative exhaustion requirement and therefore there is no clear error of law.

The Court properly found Plaintiff failed to exhaust her administrative remedies. The facts show Plaintiff filed her *Charge* past the 180-day deadline. This is fatal to her case. Here, the limitations period for Plaintiff to file a charge with the EEOC began to run on October 1, 2021 and the 180 day time period ended on March 30, 2022. Accordingly, the timeframe for Plaintiff to have filed a charge with the EEOC was months before both August 13, 2022 *and* September 1, 2022.

The Court should deny Plaintiff's *Motion* because it does not rest on grounds of manifest errors of law or fact; instead, Plaintiff's *Motion* merely reasserts arguments raised in opposition to the *Motion to Dismiss* or makes new arguments that could have been, but were not, made before judgment was entered. *Hardy v. Wood*, 342 Fed. Appx. 441 (11th Cir. 2009).

### III.     Failure to Plead a Claim of Racial Discrimination.

Plaintiff alleges in her *Motion* that there was an intervening change in law that warrants the granting of her *Motion* in relation to her claim of race discrimination. Plaintiff cites to *Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 946 for the proposition that a "convincing mosaic" of circumstantial evidence is another method of proving intentional race discrimination apart from the burden shifting framework. (Doc. 26, P. 8-9). However, the "convincing mosaic" standard has been in use in this Circuit for some time and is not an intervening change in the law. The Court should deny Plaintiff's *Motion* because Plaintiff has not plead or argued in her *Motion* facts that would show an intervening change in law sufficient to warrant this Court to reconsider its *Order*.

Substantively, Plaintiff *again* argues in her *Motion* that a single text message supports her racial discrimination claim.[3] The Court correctly found that Plaintiff has failed to allege anything, beyond mere speculation, indicating that the text was related to race. (Doc. 24, P. 14-15).

The Court also rightfully found that dismissal was appropriate under Rule 12(b)(6) because Plaintiff failed to allege that Local 1475 treated 'similarly situated' employees outside her class more favorably either in her *Complaint* or in her briefing. (Doc. 24, P. 12-13).

Plaintiff argues in her *Motion* that the Emergency List workers as well as Extra List 1, 2, 3, and 4 workers were all Casuals and that her group was treated differently than the rest of these workers based on race. (Doc. 25, P. 2, 3, 6, 19, and 20). Plaintiff also speculatively argues that the DND workers were treated better than *Emergency List* workers based on race. (Id.).

Plaintiff's comparators are not DND workers, Casual seniority holders, or *Extra Lists 1-4* workers, who did not sign a waiver and who had been working in the industry (*some for years*) prior to the creation of the *Emergency List*. Plaintiff's comparators are *Emergency List* workers.

Some explanation of the different categories of workers may illuminate this issue. <u>DND workers</u> are workers who had been working in the industry, *some for many years*, who gained seniority through a separate seniority system who were being merged with the CNC workers so there was a unified seniority system. (Doc. 14-2, P. 2). <u>Casual seniority holders</u> are workers who once made letter card seniority, but did not work 700 hours consecutively in subsequent years to maintain their seniority, but who remain ready and willing to work at all times. (Doc. 14-1, *Seniority Plan*, P. 4).[4] <u>Extra Lists 1-4 workers</u> were trained workers who had *not* gained letter card

---

[3] Doc. 26, P. 16, fn. 7; Id, P. 17: Plaintiff admits "Gunby may or may not have been acting on behalf of the union…"; Later on in her *Motion*, Plaintiff takes some dangerous liberties with the text message by adding emphasis and bolding language that simply was not in the original text message from Gunby. Id., P. 18.

[4] Doc. 14-1, *Seniority Plan*, P. 2, ¶3: "As used in this Agreement, 'continuous service' means that an employee must work a minimum of 700 hours under the Checkers and Clerks Agreement in the port of Savannah each successive contract year following the seniority classification. An employee must continue to maintain 700 hours or more of service under said agreement during future contract years to maintain seniority"; and P. 4: "CASUAL: Casual seniority shall be enjoyed by those personnel who do not fall within the above classes, were employed as Checkers, Clerks, etc., 700 or more hours during any contract year, and who remain ready and willing to work at all times."

seniority before and were on *Extra Lists* that predated the *Emergency List* (which was not an "*Extra List*"). <u>*Emergency List* workers</u> were workers hired in September 2020 as part of a street list to meet an emergent need to jobs under the agreements with the employers and who were all aware through the waiver that the hours would not be credited toward seniority. (<u>Doc.24</u>, P.3).

The Court appropriately found Plaintiff failed to allege that *Emergency List* workers were treated differently because of race. (<u>Doc. 24</u>, P. 12-13). The group she was a part of contained 112 members: 22 African American workers and 90 white workers. (Id. at P. 9.). The *2021 MOU* treated the entire class of *Emergency List* workers the same without regard to race. Likewise, the *2021 MOU* used objective factors unrelated to race to categorize the rest of the workers referenced in her *Motion* (DND workers; Casual seniority holders; and *Extra Lists 1-4* workers).

The Court should deny Plaintiff's *Motion* because Plaintiff has not plead or argued in her *Motion* facts that would show an intervening change in law sufficient to warrant this Court to reconsider its *Order*. Instead, Plaintiff's *Motion* merely reasserts arguments raised in opposition to the *Motion to Dismiss* or makes new arguments that could have been, but were not, made before judgment was entered. *Hardy v. Wood*, 342 Fed. Appx. 441 (11th Cir. 2009).

### IV.     Conclusion.

For the foregoing reasons, based upon the facts and applicable law stated herein, Local 1475 respectfully prays that Plaintiff's *Motion for Reconsideration* be denied.

Respectfully submitted this 3rd day of October, 2024.

**CHARLES HERMAN LAW**

<u>/s/ Charles Herman</u>
Charles Herman
Georgia Bar No. 142852
***Attorney for Defendant ILA Local 1475***

127 Abercorn Street, Suite 208
Savannah, Georgia 31401
(912) 244-3999
(912) 257-7301 Facsimile
charles@charleshermanlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| SHANNON BAZEMORE, | ) |
| | ) |
|    PLAINTIFF, | ) |
| v. | ) Case No. 4:23-cv-00372-RSB-CLR |
| | ) |
| INTERNATIONAL LONGSHOREMEN'S | ) |
| ASSOCIATION, ILA LOCAL 1475, | ) |
| | ) |
|    DEFENDANT. | ) |
| _____ | ) |
| | ) |

## *CERTIFICATE OF SERVICE*

The undersigned certifies that I have on this day served all the parties in this case with this *Response Brief* in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court and by mail to Plaintiff's address on file with the Court.

This 3rd day of October, 2024.

                                        **CHARLES HERMAN LAW**

                                        /s/ Charles Herman
                                        Charles Herman
                                        Georgia Bar No. 142852
                                        ***Attorney for Defendant ILA Local 1475***

127 Abercorn Street, Suite 208
Savannah, Georgia 31401
(912) 244-3999
(912) 257-7301 Facsimile
charles@charleshermanlaw.com